FILED

OCT 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE GRAFFIUS, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO. |
| | ) |
| v. | ) |
| | ) Case: 1:07-cv-01875 |
| GORDON H. MANSFIELD, | ) Assigned To : Kennedy, Henry H. |
| ACTING SECRETARY, | ) Assign. Date : 10/17/2007 |
| DEPARTMENT OF VETERANS | ) Description: Employ. Discrim. |
| AFFAIRS. | ) |
| | ) |
| Defendant. | ) |
| | ) |

JURY ACTION

## PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

COMES NOW Plaintiff, Carrie Graffius, as a *pro se* litigant, and hereby files Plaintiff's Complaint for Damages, Declaratory and Equitable Relief, against Defendant, Department of Veterans Affairs. ("VA"), and states as follows:

### I. PRELIMINARY STATEMENT AND BACKGROUND

1.

Plaintiff brings this action for discrimination based upon her disability pursuant the Rehabilitation Act of 1973, §§ 501 and 504(a), 29 U.S.C. §§ 791 and 794(a). Plaintiff seeks actual and compensatory damages; attorneys' fees; and costs of litigation.

1

## II. PARTIES

2.

Plaintiff is a resident of East Freedom, Pennsylvania, in the county of Blair. At all times relevant, Plaintiff was employed with the VA from 1999 through the time of her termination, effective November 1, 2005.

3.

Defendant, VA is a federal government agency and has offices throughout the United States, including Washington, D.C.

## III. JURISDICTION AND VENUE

4.

This action is brought pursuant to the Rehabilitation Act of 1973, §§ 501 and 504(a), 29 U.S.C. §§ 791 and 794(a).

5.

The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law (28 U.S.C. § 1331).

6.

Venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

7.

Plaintiff filed a timely appeal with the Equal Employment Opportunity Commission (EEOC), Office of Federal Operations (OFO), on July 7, 2007, requesting review of the Final Order issued by the Merit Systems Protection Board (MSPB) concerning her claim of discrimination. On September 18, 2007, the EEOC OFO issued its decision, concurring with the Final Order of the MSPB, finding no discrimination. Plaintiff was informed that she had a right to file a civil action, within thirty (30) calendar days from the date she received the decision.

8.

Hence, Plaintiff as a *pro se,* is timely filing her Complaint against Defendant in this Court, alleging discrimination on the basis of disability, in violation of the Rehabilitation Act of 1973, §§ 501 and 504(a), 29 U.S.C. §§ 791 and 794(a).

9.

All of the acts, omissions, and events complained of herein took place within the District of Columbia.

## IV. FACTUAL ALLEGATIONS

10.

Plaintiff worked for the VA as a Program Specialist, in the Agency's Office of

Facilities Management, in Washington, D.C., since 1999.

11.

Plaintiff's primary duties included reconstructing and developing the Agency's overall construction management information system, track databases and adapting an existing system off-the-shelf software product called Paragon ● for the Agency's construction projects.

12.

When Plaintiff initially began employment with the VA, she lived in suburban Virginia.

13.

In September, 2001, Plaintiff moved to East Freedom, Pennsylvania.

14.

At all relevant times, Plaintiff suffered from a disability. Plaintiff suffered from multiple disabilities, including diabetes, carpal tunnel syndrome, trigger finger, skeletal issues related to neuropathy and compacted bowel syndrome.

15.

Additionally, Plaintiff was required to use a wheelchair, while at work, due to her disabilities. Plaintiff used the wheelchair because she was not able to bear any

weight on her ankle.

16.

Plaintiff was told that she was not permitted to use her wheelchair while at work and that it had to be folded up and placed in front of the xerox machine. Further, Plaintiff was told that if there were any complaints made, about the wheelchair being in front of the xerox machine, she would have to store the wheelchair in the lobby, about four floors down from where she worked.

17.

Plaintiff was not able to access the restrooms and water fountains as needed, since she was limited in her use of her wheelchair at the office. Due to the lack of hydration, Plaintiff's disabilities were exacerbated.

18.

Due to the treatments, Plaintiff received, because of the carpal tunnel syndrome and trigger finger, she suffered other serious complications. Plaintiff suffered serious injuries to her ankle, back, neck and shoulder.

19.

These injuries, made the symptoms of the neuropathy ~~~~ severe. Plaintiff was not able to utilize her walker, to assist her in getting around, instead, she

needed to use her wheelchair.

20.

Neuropathy is defined as a disease or abnormality of the nervous system, affecting the cranial or spinal nerves.

21.

Plaintiff eventually broke her other leg, and was required to use her wheelchair at all times.

22.

Plaintiff's medical provider also required that she wear special clothing and shoes. However, the Agency failed to allow Plaintiff to wear the clothing and shoes, as requested by her medical provider.

23.

Plaintiff requested that the VA accommodate her disabilities, by allowing her to telecommute. Initially, the VA allowed Plaintiff to telecommute for about two and one half years.

24.

On or about May, 2004, the Agency cancelled Plaintiff's telecommuting privileges and directed Plaintiff to return to work on June 1, 2004.

Page -6-

25.

Throughout Plaintiff's employment, the VA failed to accommodate Plaintiff's requests, concerning her taking her sugar readings, as a result of her diabetes.

26.

Throughout Plaintiff's employment, the VA failed to accommodate Plaintiff's requests to utilize the restrooms as frequently as needed and to have access to a wheelchair accessible restroom.

27.

Throughout Plaintiff's employment, the VA failed to accommodate Plaintiff's requests to provide her with a smaller chair, so that her feet could touch the ground.

28.

During [~~Throughout~~] Plaintiff's employment with the VA, the Agency failed to accommodate Plaintiff's request to utilize her wheelchair in the office, so that she could have access to the water cooler, or to have access to a wheelchair accessible water fountain.

29.

During [~~Throughout~~] Plaintiff's employment, the VA failed to accommodate

Page -7-

Plaintiff's requests to have a wheelchair accessible desk and the use of other handicap friendly, office products.

30.

At all times relevant, the VA was aware that Plaintiff suffered from a disability.

31.

The Agency failed to accommodate Plaintiff's reasonable requests and rescinded the telecommuting accommodation.

32.

Instead of granting Plaintiff an accommodation(s), which would have allowed her to perform the essential functions of her position, the Agency terminated Plaintiff's employment, effective November 1, 2005.

### COUNT I: Violation of the Rehabilitation Act of 1973

### Failure to Accommodate

33.

Plaintiff incorporates by reference paragraphs 1 - 32 of her complaint as if fully set forth herein.

34.

Plaintiff was a individual with a disability as defined under the Rehabilitation Act.

35.

Plaintiff was a qualified individual with a disability as defined under the Rehabilitation Act.

36.

Plaintiff requested that the VA accommodate her disabilities.

37.

The VA failed to accommodate Plaintiff's reasonable requests and rescinded its accommodation to allow Plaintiff to telecommute.

38.

Ultimately, the VA terminated Plaintiff's employment, effective November 1, 2005.

39.

Therefore, the VA is liable for damages resulting from its violation of the Rehabilitation Act.

## **COUNT II: Violation of the Rehabilitation Act of 1973**

### **Retaliation**

40.

Plaintiff incorporates by reference paragraphs 1 - 39 of her complaint as if fully set forth herein.

41.

Plaintiff engaged in protected activity, under the Rehabilitation Act, when she requested that the VA accommodate her disabilities.

42.

The VA was aware that Plaintiff has requested reasonable accommodations, pursuant to the Rehabilitation Act.

43.

Plaintiff was subjected to adverse treatment, in that the VA terminated her employment effective November 1, 2005.

44.

Therefore, the VA is liable for damages resulting from its violation of the Rehabilitation Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

\_\_\_\_\_a.  Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

b.  Reinstatement in position;

c.  Reinstatement of insurance coverage;

d.  Attorneys' fees, costs of litigation, and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 15th day of October, 2007.

*Carrie Graffius*
Carrie Graffius,
*Pro Se*
R R 1 Box 476
East Freedom, PA 16637
386-239-2324

H
07-1875
HHK

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
CARRIE GRAFFIUS

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Blair, PA__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro Se N/P

## DEFENDANTS
GORDON H. MANSFIELD, ACTING SECRETARY, DEPTARTMENT OF VETERANS AFFAIRS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01875
Assigned To : Kennedy, Henry H.
Assign. Date : 10/17/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ⊗ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENS (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ⊗ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊗ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Rehabilitation Act of 1973; 29 USC 791 and 794(a).

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐  NO ☒   If yes, please complete related case form.

DATE 10-15-2007    SIGNATURE OF ATTORNEY OF RECORD   NOT SIGNED

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.