UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE GRAFFIUS, </br></br>  Plaintiff </br></br> v. </br></br> JAMES PEAKE, M.D., </br> SECRETARY, </br> DEPARTMENT OF VETERANS </br> AFFAIRS. </br></br>  Defendant | CIVIL CASE NO. **07-1875 (HHK)** |

**JOINT PRELIMINARY DISCOVERY PLAN**

COMES NOW , the Plaintiff, Carrie Graffius, by and through undersigned counsel, Melville Johnson, P.C., and Defendant, Department of Veterans Affairs, by and through undersigned counsel, files this Joint Preliminary Prehearing Report, pursuant to Rule 16.3(c) of the Local Rules of the United States District Court for the District of Columbia.

Plaintiff and Defendant held a pretrial conference on the 28th of February, 2008, at which the parties discussed the following matters and their respective positions:

**1)  Whether the case is likely to be disposed of by dispositive motion; and whether, if a motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiff's Response:

Plaintiff does not believe that this case could be disposed of by dispositive motions and at the time of submission, Plaintiff was not aware that there had been any dispositive motions filed.

Defendant's Response:

Defendant asserts that the case is likely to be deposed of by a dispositive motion. Specifically, Defendant contends that a motion to dismiss and/or a motion for summary judgment would be appropriate as Plaintiff cannot establish a prima facie case of discrimination in violation of the Rehabilitation Act. Defendant anticipates filing the pre-discovery dispositive motion pursuant to Rule 12(b)(6) or/and 56 of the Federal Rules of Civil Procedure by May 2, 2008.

2) **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiff's Response:

Plaintiff does not believe that there are any additional parties that need to be

joined in this case. Plaintiff asserts that the factual and legal issues as set forth in the Complaint accurately reflect the matter at issue, and it can not be narrowed.

Defendant's Response:

Defendant intends to amend its Answer to the Complaint.

3) **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

   Plaintiff's Response:

   Plaintiff does not consent to having this case assigned to a magistrate judge.

   Defendant's Response:

   Defendant does not consent to the assignment of this case to a magistrate judge.

4) **Whether there is a realistic possibility of settling the case.**

   Plaintiff's Response:

   Plaintiff is open to settlement discussions, at anytime. However, it does not

seem likely that settlement is possible at this point in the case.

Defendant's Response:

Settlement is a possibility but not at this early stage of the litigation.

5) **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**
   **(I)     the client's goals in bringing or defending the litigation;**
   **(ii)    whether settlement talks have already occurred, and if so, why they did not produce an agreement**
   **(iii)   the point during the litigation when ADR would be most appropriate, with special consideration given to:**
      **(aa)  whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**
      **(bb)  whether ADR should take place before or after the judicial resolution of key legal issues;**
   **(iv)   whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**
   **(v)    whether cost saving or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Plaintiff's Response:

Plaintiff does not believe this case is appropriate for ADR, at this point.

Defendant's Response:

Defendant believes that mediation may be appropriate post-discovery.

**(6)  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and relies; and proposed dates for a decisions on the motions.**

Plaintiff's Response:

Plaintiff does not believe that this case can be resolved by a summary judgment motion. However, if a motion for summary judgment is to be filed, it should be due, no later than 20 days after the close of discovery, and any response/opposition be due 30 days later and any reply due 15 days later.

Defendant's Response:

Defendant believes a summary judgment motion, other than the pre-discovery dispositive motion, may be appropriate after discovery has been completed. Defendant proposes that dispositve motions be due 60 days after the close of discovery, any opposition due 30 days later, and any reply due 20 days later.

**(7)  Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(1)(1), F.R.Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Plaintiff's Response:

Plaintiff does not believe that the parties should or need to stipulate to dispense with the initial disclosure requirements under Rule 26(1)(1), F.R. Civ. P. Additionally, Plaintiff does not believe that there should be any changes made to the scope, form or timing of the exchange for the disclosures. Therefore, Initial Disclosures will be exchanged no later than March 13, 2008.

Defendant's Response:

Defendant will make initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) by March 13, 2008.

**(8)   The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiff's Response:

Plaintiff anticipates taking deposition(s) and propounding document requests, interrogatories and requests for admissions, during the discovery phase of this case. Plaintiff believes that the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia should

govern, all discovery matters. Plaintiff does not believe that a protective order is necessary, in this case. Plaintiff believes that discovery in this case should be completed no later than 120 days after the initial scheduling order is issued.

Defendant's Response:

Defendant proposes that discovery be completed within 150 days from the date that the Court issues its decision on Defendant's pre-discovery dispositive motion. Defendant believes that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia. Specifically, Defendant believes that twenty-five (25) interrogatories and seven (7) depositions per party will be sufficient.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

Plaintiff's Response:

Plaintiff has not determined whether or not she will call any expert witnesses in this case. However, Plaintiff believes that the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P.

should not be modified.

Defendant's Response:

Defendant has not made a decision whether it will use an expert witness on its behalf. Defendant proposes it will designate any expert no later than thirty (30) days after the commencement of discovery, and that any rebuttal expert be designated no later than fifteen (15) days thereafter. Defendant proposes that all other requirements of Fed.R.Civ.P. 26 regarding experts should apply.

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Plaintiff's Response:

N/A

Defendant's Response:

N/A

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Plaintiff's Response:

Plaintiff believes that there is no need to bifurcate the trial and discovery should proceed as indicated above.

Defendant's Response:

Defendant does not see a need for bifurcation at this time.

**(12)** **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiff's Response:

Plaintiff believes that the pretrial conference date should be made, according to the initial scheduling order that will be issued in this case.

Defendant's Response:

Defendant believes that a pretrial conference should be scheduled following the Court's rulings on any post-discovery dispositive motion.

**(13)** **Whether the Court should set a firm trial date at the first scheduled conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiff's Response:

Plaintiff believes that a trial date should be set in this case at the first scheduled conference.

Defendant's Response:

Defendant believes that the Court should schedule a trial date at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiff's Response:

Plaintiff has no additional matters that require inclusion in the scheduling order.

Defendant's Response:

Defendant has no additional matters that require inclusion in the scheduling order.

Respectfully submitted this 13th day of March, 2008.

        MELVILLE JOHNSON, P.C.

        s/Bobbie L. Hoye
        Bobbie L. Hoye
        DC Bar # 496792

        <u>s/Jeffrey A. Taylor</u>
        Jeffrey A. Taylor
        United States Attorney
        DC Bar # 498610


        <u>s/Rudolph Contreras</u>
        Rudolph Contreras
        Assistant United States Attorney
        DC Bar # 434122

        <u>s/Blanche L. Bruce</u>
        Blanche L. Bruce
        Assistant United States Attorney
        DC Bar #960245

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE GRAFFIUS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   CIVIL CASE NO. **07-1875 (HHK)** |
| | ) |
| JAMES PEAKE, M.D., | ) |
| SECRETARY, | ) |
| DEPARTMENT OF VETERANS | )   JURY TRIAL REQUESTED |
| AFFAIRS. | ) |
| | ) |
| Defendant | ) |
| | ) |

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 13th day of March, 2008, I electronically filed with the Clerk of Court using the CM/ECF system which will automatically send an email notification of such filing to the following attorneys of record:

Blanche L. Bruce
Assistant United States Attorney
555 - 4th Street, NW
Washington, DC 20530

Respectfully submitted this 13th day of March, 2008.

              MELVILLE JOHNSON, P.C.


              <u>s/Bobbie L. Hoye</u>
              Bobbie L. Hoye
              DC Bar # 496792

44 Broad Street, N.W.
Suite 222, The Grant Building
Atlanta, Georgia 30303
Voice: 404.524.9111