IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARRIE GRAFFIUS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 07-1875 (HHK) |
| | ) |
| | ) |
| **JAMES PEAKE, M.D., SECRETARY,** | ) |
| **DEPARTMENT** | ) |
| **OF VETERANS AFFAIRS** [1] | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S AMENDED ANSWER TO THE COMPLAINT

Defendant James Peake, M.D., in his official capacity as Acting Secretary, Department of Veterans Affairs ("VA"), by its undersigned attorneys, hereby amends and replaces its original Answer to the Complaint.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted. Defendant denies that it discriminated against Plaintiff based on disability or any other impermissible basis. Defendant's actions were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's alleged disability.

---

[1] The substitution of James Peake, M.D., the new head of the Department of the Veterans Affairs, may be done without a court order. See Fed. R.Civ.P. 25(d)(1).

**Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because of the failure of the Complaint to allege a sufficient factual and/or legal basis for compensatory.

**Fourth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to punitive damages.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages, if any.

**Specific Responses**

**I.     Preliminary Statement and Background**

1. The allegations in paragraph 1 constitute legal conclusions and descriptions of Plaintiff's Complaint to which no response is required. To the extent a response is required, Defendant denies the allegations.

**II.     Parties**

2. Defendant is without sufficient knowledge or information to admit or deny the allegation in the first sentence in paragraph 2. Defendant admits the second sentence.

3. Defendant admits the allegation in paragraph 3.

**III.     Jurisdiction and Venue**

4. The allegations in paragraph 4 constitute legal conclusions and descriptions to Plaintiff's Complaint to which no response is required.

5. The allegation of paragraph 5 constitutes a legal conclusion concerning the Court's

jurisdiction to which no response is required.

6. The allegation of paragraph 6 constitutes a legal conclusion concerning venue to which no response is required.

7. Defendant admits the first sentence in paragraph 7 except to deny that Plaintiff filed an appeal with the Equal Opportunity Employment Commission ("EEOC"). Plaintiff filed a petition with the EEOC on July 7, 2007. Defendant admits the second and third sentences in paragraph 7.

8. Defendant admits Plaintiff has timely filed her Complaint, the remaining portion of the paragraph constitutes a legal conclusion which no response is required.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations that all acts, omissions, and events complained of in paragraph 9 took place within the District of Columbia.

**IV.   Factual Allegations**

10. Defendant admits the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11 but avers that the nature of Plaintiff's duties changed over time depending on current workload and Departmental needs.

12. Defendant is without sufficient knowledge or information to admit or deny the allegation in paragraph 12 that Plaintiff lived in suburban Virginia when she initially began employment at VA Central Office ("VACO"). Defendant admits that Plaintiff lived in the Washington, D.C. metropolitan area prior to moving to East Freedom, Pennsylvania. Defendant avers that East Freedom is approximately 162 miles from VACO.

13. Defendant admits the allegations in paragraph 13.

14. The allegation in the first sentence in paragraph 14 constitutes a legal conclusion to which no response is required. Defendant is without sufficient knowledge or information to admit or deny the allegations the second sentence in paragraph 14 concerning Plaintiff's medical condition(s).

15. The allegation in the first sentence of paragraph 15 constitutes a legal conclusion to which no response is required. Defendant is without sufficient knowledge or information to admit or deny the allegation in the second sentence of paragraph 15. Defendant avers that Plaintiff did not use a wheelchair while she worked at VACO from 1999 through 2001. Defendant avers that Plaintiff used a wheelchair when Plaintiff returned to work at VACO, on a one-day a week basis, in June 2003, but Plaintiff was not confined to the wheelchair.

16. Defendant denies the allegations in paragraph 16.

17. The allegations in paragraph 17 are Plaintiff's characterizations of her claim to which an answer is not required, but to the extent that an answer may be deemed required, Defendant denies the allegations. Defendant avers that VACO has wheelchair accessible rest rooms located on every other floor, restrooms are in very close proximity to the elevators, and all water fountains in VACO are wheelchair accessible.

18. Defendant is without sufficient knowledge or information to admit or deny the allegation in paragraph 18 concerning Plaintiff's medical condition(s).

19. The allegations in the first sentence of paragraph 19 are Plaintiff's characterizations to which an answer in not required, but to the extent that an answer may be deemed required, Defendant denies the allegations. Defendant is without sufficient knowledge or information to admit or deny the allegation in the second sentence of paragraph 19.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 20.

21. Defendant is without sufficient knowledge or information to admit or deny the allegation in paragraph 21.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations in the first sentence in paragraph 22.  Defendant denies that it failed to allow Plaintiff to wear clothing and shoes as requested by Plaintiff's medical provider.

23.  The allegation in the first sentence of paragraph 23 that Plaintiff has a disability constitutes a legal conclusion to which no response is required.  Defendant admits that a temporary work-at-home arrangement was arranged in 2001 because Plaintiff began experiencing health problems after she moved to East Freedom, Pennsylvania.  Defendant admits the second sentence except as to aver that Defendant requested that Plaintiff combine her tele-work schedule with on-site time in VACO in Washington, D.C. approximately five months after Plaintiff's temporary work-at-home arrangement was arranged and approved because of changes in workplace priorities.

24. Defendant admits the allegations in paragraph 24.

25. The allegations in paragraph 25 are Plaintiff's characterizations which do not require answers, but to the extent that answers may be deemed required Defendant denies the allegations.

26. Defendant denies the allegations in paragraph 26 and avers that VACO has wheelchair accessible rest rooms located on every other floor, which are in very close proximity to the elevators.

27. The allegations in paragraph 27 are Plaintiff's characterizations which do not require

answers, but to the extent that answers may be deemed required, Defendant denies the allegations.

28. The allegations in paragraph 28 are Plaintiff's characterizations which do not require answers, but to the extent that answers may be deemed required, Defendant denies the allegations.

29. The allegations in paragraph 29 are Plaintiff's characterizations which do not require answers, but to the extent that answers may be deemed required, Defendant denies the allegations.

30. The allegation in paragraph 30 concerning Defendant's alleged disability constitutes a legal conclusion to which no response is required. Defendant avers that Plaintiff informed her co-workers that she suffered from juvenile diabetes.

31. The allegation in paragraph 31 concerning Defendant's alleged failure to accommodate Plaintiff's alleged reasonable requests constitutes a legal conclusion to which no response is required. Defendant admits that Plaintiff's tele-work arrangement was rescinded on April 28, 2004.

32. The allegations in paragraph 32 concerning Defendant's alleged failure to accommodate Plaintiff and Plaintiff's potential to perform the essential functions of her position constitute a legal conclusion to which no response is required. Defendant admits that Plaintiff's employment at the VA was terminated effective November 1, 2005. Defendant avers that Plaintiff was able to perform the essential functions of her job while she was at VACO.

**Count I**:    **Violation of the Rehabilitation Act of 1973 - Failure to Accommodate**

33. Defendant incorporates by references the same answers in paragraphs1 through 32.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. The allegation in paragraph 36 concerning Defendant's alleged disabilities constitutes a legal conclusion to which no answer is required.

37. The allegation in paragraph 37 is Plaintiff's characterization of her claims which does not require an answer, but to the extent that an answer may be deemed required, Defendant denies the allegations. Defendant admits that Plaintiff's work-at-home arrangement was rescinded on April 28, 2004.

38. Defendant admits the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

**Count II:    Violation of the Rehabilitation Act of 1973 - Failure to Accommdate**

40. Defendant incorporates by reference the same answers for paragraphs 1 through 39.

41. Defendant denies the allegations on paragraph 41.

42. The allegation in paragraph 42 concerning the reasonableness of Plaintiff's requests are Plaintiff's characterization which do not require an answer but to the extent that an answer may be deemed required Defendant denies the allegations.

43. Defendant denies that Plaintiff was subjected to adverse treatment but Defendant admits that Plaintiff was removed from federal service effective November 1, 2005.

44. Defendant denies the allegations in paragraph 44.

**Prayer for relief**

Defendant states that any relief would be limited by 42 U.S.C. § 2000e-5(g)(2)(B) but denies that Plaintiff is entitled to the relief prayed for or to any relief whatsoever. Defendant also

denies that Plaintiff is entitled to recover any damages in connections with the allegations in this Complaint.

**Jury Demand**

Defendant admits that Plaintiff is entitled to a jury trial.

## CONCLUSION

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that this civil action be dismissed with prejudice**.**

Dated: March 11, 2008

                                      Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
 RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE, D.C. BAR # 960245
Assistant United States Attorney
555- 4th Street, NW
Washington, D.C.  20530
(202) 307-6078

Of Counsel
Gia Chemsian
Veterans Affairs