## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE GRAFFIUS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 07-1875 (HHK) |
| JAMES PEAKE, M.D., ) | |
| SECRETARY, ) | |
| DEPARTMENT OF VETERANS ) | JURY TRIAL REQUESTED |
| AFFAIRS. ) | |
| ) | |
| Defendant ) | |
| ) | |

## PLAINTIFF'S STATEMENT OF THE CASE

COMES NOW, Plaintiff, Ms. Carrie Graffius, in the above-styled action, by and through her undersigned counsel, Melville Johnson, P.C. and pursuant to the March 17, 2008, Order for Initial Scheduling Conference in this case hereby states as follows:

**Brief Summary of Facts**

Plaintiff was employed by the Defendant Agency from 1999 until her removal November 1, 2005. During her employment, Plaintiff worked in the Washington, D.C. Office of Facilities Management ("OFM") as a Program Specialist. Plaintiff's primary duties included reconstructing and developing the Agency's overall construction management information system, tracking databases and adapting an

existing system of off-the-shelf software called Paragon 4 for the Agency's construction projects.

During her employment Plaintiff suffered from multiple disabilities, including diabetes, carpal tunnel syndrome, trigger finger, compacted bowel syndrome and skeletal issues related to neuropathy (a disease of the nervous system affecting the cranial and spinal nerves).  These disabilities, as well as an inability to bear any weight on her ankle, necessitated Plaintiff's use of a wheelchair while at work.

Plaintiff was told that she was not permitted to use her wheelchair while at work and that it had to be folded up and placed in front of the copy machine.  She was informed if there were any complaints made about the wheelchair being in front of the copy machine she would have to store the wheelchair in the lobby, about four floors down from where she worked.  Because she was not allowed to use her wheelchair at work, Plaintiff was unable to access the restrooms and water fountains as needed, resulting in the exacerbation of her conditions.

Plaintiff suffered further serious injuries to her ankle, back, neck and shoulder as a result of treatments she was receiving for her carpal tunnel syndrome and trigger finger.  In addition, Plaintiff eventually broke her other leg, and was required to use her wheelchair at all times.

Throughout Plaintiff's employment, the Agency failed and/or refused to accommodate a variety of Plaintiff's requests, even though they were fully aware of her disabilities.  Plaintiff made numerous requests for accommodation including requests that she: be allowed to take blood sugar readings to control her diabetes; be allowed to use the restroom as needed; be provided or have access to numerous handicapped facilities and office products; be provided a smaller chair so that her feet could reach the ground; and be allowed to wear medically necessary clothing and shoes, as prescribed by one of her physicians.

One accommodation the Agency did provide for a period of time was that Plaintiff was allowed to telecommute to work beginning in 2001.  On May 1, 2004, however, the Agency terminated Plaintiff's telecommute accommodation and informed her she would be required to report to the Washington, D.C. OFM location beginning June 1, 2004.  Plaintiff, who had been performing successfully under the telecommuting arrangement, was physically unable to be present at the Washington, D.C. office and, therefore, began exhausting her sick leave and annual leave balances. After depleting her leave, Plaintiff applied for and received additional leave time under the Family and Medical Leave Act (FMLA).

On December 6, 2004, the Agency informed Plaintiff she had exhausted her leave as of November 29, 2004, and, as a result, was being placed on Absence

Without Leave (AWOL) status. Even though Plaintiff was still physically unable to come to work, she received a second letter regarding her AWOL status on January 25, 2005, and told to report to work February 7, 2005.

Plaintiff received the Agency's Notice of Proposed Removal based on excessive absence on April 21, 2005. Mrs. Dix, the deciding official heard Plaintiff's reply to the Proposed Removal by phone, and on October 24, 2005, decided to sustain the charge of Excessive Absence and remove Mrs. Graffius from the Agency and from federal service effective November 1, 2005.

## Statutory Basis for Causes of Action

Plaintiff's Complaint alleges Defendant subjected her to discrimination based on her disability, failed to accommodate her disability, and retaliated against her for protected activity in violation of the Rehabilitation Act of 1973, §§ 501 and 504(a), 29 U.S.C. §§ 791 and 794(a).

Respectfully submitted this 14th day of April, 2008.

MELVILLE JOHNSON, P.C.

s/Bobbie L. Hoye
Bobbie L. Hoye
DC Bar # 496792

44 Broad Street, N.W.
Suite 222, The Grant Building
Atlanta, Georgia 30303
Voice: 404.524.9111
Facsimile: 404.524.6611

-4-

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE GRAFFIUS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )     CIVIL CASE NO. **07-1875 (HHK)** |
| | ) |
| JAMES PEAKE, M.D., | ) |
| SECRETARY, | ) |
| DEPARTMENT OF VETERANS | )     JURY TRIAL REQUESTED |
| AFFAIRS. | ) |
| | ) |
| Defendant | ) |
| | ) |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of April, 2008, I electronically

filed with the Clerk of Court using the CM/ECF system which will automatically send

an email notification of such filing to the following attorneys of record:

Christian A. Natiello
Assistant United States Attorney
555 - 4th Street, NW
Room E4112
Washington, DC 20530

Respectfully submitted this 14th day of April, 2008.

MELVILLE JOHNSON, P.C.

s/Bobbie L. Hoye
Bobbie L. Hoye
DC Bar # 496792

44 Broad Street, N.W.
Suite 222, The Grant Building
Atlanta, Georgia 30303
Voice: 404.524.9111