IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE GRAFFIUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1875 (HHK) |
| | ) |
| JAMES PEAKE, M.D., Secretary, | ) |
| Department of Veterans Affairs | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S STATEMENT OF THE CASE**

COMES NOW, Defendant James Peake, M.D., in the above-styled action, by and through undersigned counsel and pursuant to the March 17, 2008, Order for Initial Scheduling Conference in this case, hereby states as follows:

Brief Summary of Facts

Plaintiff Carrie Graffius was formerly employed at the Department of Veterans Affairs Central Office in Washington, D.C. On November 1, 2005, she was removed from Federal service due to a sustained charge of excessive absence.

The Agency hired Plaintiff in late 1999. Her office was located at 811 Vermont Avenue, Northwest, in Washington, D.C. In 2001, Plaintiff got married and moved from the Washington, D.C. commuting area to East Freedom, Pennsylvania. East Freedom is more than 160 miles away from Plaintiff's office.

Shortly after moving to Pennsylvania, Plaintiff reported that she was beginning to experience health problems and began using sick leave. Plaintiff's supervisor arranged and approved a <u>temporary</u> work-at-home arrangement. On February 5, 2002, Plaintiff's supervisor informed Plaintiff that he wanted her to combine her tele-work schedule with on-site time in the

Washington, D.C. office. From this time on, several requests to get Plaintiff into the office on at least a part-time basis were made. Plaintiff began coming to the office once a week. This lasted two months. Plaintiff stated that she was having additional health problems. She never returned to the Washington office. This was in 2002.

In April of 2004, Plaintiff was informed that her tele-work schedule would be terminated in June of 2004. Technology changes and work priorities required Plaintiff to be in the office. In October of 2004, after several attempts to contact and get Plaintiff back in the office, Plaintiff filed for, and received, 12 administrative workweeks of unpaid leave pursuant to the Family Medical Leave Act ("FMLA") policy. After her FMLA leave ended, Plaintiff was placed on Absent Without Leave status. Plaintiff would come back, she said, if certain accommodations were made for her. Plaintiff wanted:

        1) the bathroom on her floor to be remodeled to fit a wheelchair;

        2) the doors to be widened;

        3) to be provided with a new chair;

        4) to be provided with a new desk under which her wheelchair could fit;

        5) a hard surface floor for her office; and

        6) a special keyboard, a low mouse, a low chair, and wrist pads.

Defendant, in considering how to best accommodate Plaintiff, told Plaintiff that it needed medical documentation to support her requests. Despite two requests, Plaintiff failed to provide any medical documentation. Nonetheless, in March of 2005, Plaintiff was informed that: 1) Plaintiff's office met all applicable handicapped accessible requirements; 2) she had elevator access to wheelchair-accessible bathrooms on the floors above and below her floor and that her

office was only 20 feet from the elevators; and 3) the Agency routinely purchased keyboards, mouses, wrist pads, and other items for employees upon request.

In April of 2005, Plaintiff was notified that her supervisor was proposing her removal from employment with the Agency and from Federal service based on a charge of excessive absence. Plaintiff was notified that her timecard reflected 760 hours of AWOL from November, 2004, through April 15, 2005.

In May of 2005, the deciding official heard Plaintiff's oral reply to her proposed removal via teleconference. Plaintiff did not submit a written reply regarding her proposed removal. The deciding official waited six months to issue a decision in order to give Plaintiff the opportunity to pursue alternatives to removal such as applying for disability retirement. Plaintiff did nothing. In October, the deciding official sustained the charge of excessive absence and removed Plaintiff from employment with the Agency and from Federal service, effective November 1, 2005.

<u>Defenses</u>

Defendant acted reasonably at all times with regard to Plaintiff. Defendant denies having any discriminatory intent or animus in its treatment and termination of Plaintiff's employment. Defendant had non-discriminatory and objectively reasonable motivations for its actions.

April 15, 2008                                          Respectfully submitted,

      /s/
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney


      /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


      /s/
Christian A. Natiello, D.C. BAR #473960
Assistant United States Attorney
555 Fourth St., N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338
christian.natiello@usdoj.gov