UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE GRAFFIUS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 07-1875 (HHK) |
| GORDON H. MANSFIELD, ) | |
| ACTING SECRETARY, ) | |
| DEPARTMENT OF VETERANS ) | JURY TRIAL REQUESTED |
| AFFAIRS. ) | |
| ) | |
| Defendant ) | |

**MOTION TO COMPEL DISCOVERY RESPONSES**

**COMES NOW**, the Plaintiff, Carrie Graffius, in the above-styled action, by and through her undersigned counsel, Melville Johnson, P.C. and hereby files this Motion Requesting to Compel Discovery Responses, and in support thereof, states as follows.

On June 10, 2008, this office served Plaintiff's Second Set of Interrogatories upon attorneys for the Defendant. (See Attached). The Defendant's responses were due, on or about July 14, 2008. On July 14, 2008, Plaintiff's counsel contacted Defendant's counsel via electronic mail, requesting that the Defendant provide its responses to Plaintiff's Second Set of Interrogatories. In response, Defendant's counsel advised that he would provide the responses by the next day. On July 15, 2008, Plaintiff's counsel sent Defendant's counsel a good faith letter, concerning the discovery responses. (See Attached). However to date, Counsel for Defendant has failed to provide the aforesaid responses. Without responses to these interrogatories, the Plaintiff may be prejudiced at trial. Since

the Defendant has failed to respond to Plaintiff's Second Set of Interrogatories, all of the Interrogatories are deficient.

**WHEREFORE**, Plaintiff requests that this Motion to Compel be GRANTED and that the Defendant be ordered to produce responses to Plaintiff's Second Set of Interrogatories and pay her attorney fees.

Respectfully submitted, this 24th day of July, 2008.

**MELVILLE JOHNSON, P.C.**

s/Bobbie L. Hoye
Bobbie L. Hoye
DC Bar # 496792

44 Broad Street, N.W.
Suite 222, The Grant Building
Atlanta, Georgia 30303
Voice: 404.524.9111

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE GRAFFIUS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL CASE NO. **07-1875 (HHK)** |
| ) | |
| GORDON H. MANSFIELD, ) | |
| ACTING SECRETARY, ) | |
| DEPARTMENT OF VETERANS ) | JURY TRIAL REQUESTED |
| AFFAIRS. ) | |
| ) | |
| Defendant ) | |
| ) | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 24th day of July, 2008, I electronically filed with the Clerk of Court using the CM/ECF system which will automatically send an electronic mail notification of such filing to the following attorney of record:

Christian A. Natiello
Assistant United States Attorney
555 - 4th Street, NW
Room E4112
Washington, DC 20530

                                            Respectfully submitted,
                                            **MELVILLE JOHNSON, P.C.**

                                            s/Bobbie L. Hoye
                                            Bobbie L. Hoye
                                            DC Bar # 496792

44 Broad Street, N.W.
Suite 222, The Grant Building
Atlanta, Georgia 30303
Voice: 404.524.9111

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARRIE GRAFFIUS, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. 07-1875 HHK |
| v. | ) | |
| JAMES PEAKE, M.D., SECRETARY, DEPARTMENT OF VETERANS AFFAIRS. | ) | |
| Defendant. | ) | |

### PLAINTIFFS SECOND SET OF INTERROGATORIES

COMES NOW Plaintiff Carrie Graffius ("Plaintiff" or "Ms. Graffius"), by and through her undersigned counsel, and hereby serves Defendant James Peake, M.D., Secretary, Department of Veterans Affairs ("Defendant") with the following interrogatories to be answered fully and under oath within thirty (30) days from the date of service. Pursuant to Federal Rule of Civil Procedure 26(e), the interrogatories herein are continuing and require supplemental responses if additional information regarding them is obtained by Defendant. If any interrogatory or document request cannot be responded to in full, it should be answered to the fullest extent possible and the reason(s) should be set forth regarding why it could not be answered.

### INSTRUCTIONS

1.

In answering these interrogatories, Defendant is requested to furnish all information which is available to the Defendant, including (but not limited to) information in the possession of Defendant's attorneys or investigators. If Defendant cannot answer the following interrogatories and

document requests in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying Defendant's inability to answer the remainder, the reasons for such inability to fully respond and provide whatever information or knowledge Defendant has concerning the unanswered portions.

2.

If any form of privilege or other protection from disclosures is claimed as a ground for withholding responsive information contained in a document, set forth with respect to the document: the date, title, identity of the author, subject matter (without revealing the information for which a privilege is claimed) and each and every fact or basis on which Defendant claims privilege, with sufficient specificity to permit the Court to make a determination as to whether the claim or privilege is valid.

3.

Where information is sought as to current or former employees and such information is of a private, medical or personal nature, please specifically reference the personal or private information by denoting such as personal or private in your response and the undersigned hereby agrees, by the signature below that:

   a. All discovery in this case shall be used for the purposes of this litigation and for no other purpose.

   b. Any information provided by Defendant pertaining to confidential or personal medical, family or private matters shall not be given, released, shown, or made available to third parties.

   c. Plaintiff and his attorneys as well as all agents and employees of said attorneys, acting within the scope of their employment, may have access to said private and personal information and

upon such access shall be bound by the terms of this undertaking.

d. This undertaking shall survive the instant litigation and shall be permanently binding except by court order or agreement of the parties.

4.

In these discovery requests, where no date is provided, the relevant time period for which a response is requested is and shall be from January 1, 2003 through and including January 1, 2005.

## DEFINITIONS

1.

The term "document" or "documents" shall mean any written, recorded, filmed, or graphic matter, whether produced, reproduced or on paper, cards, cassette tapes, film, electronic facsimile, computer storage devices, e-mail, or any other media, including (but not limited to) memoranda, notes, minutes, records, employment files, case files, pleadings, photographs, slides, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including (but not limited to) originals, drafts and all copies which are different in any way from the original whether by interlineation, receipt stamped, notation, indication of copies sent or received, or otherwise.

2.

The terms "describe in detail" and "set forth the factual basis" shall mean to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of facts or law to particularize as to time, place and manner.

3.

The term "identify" when used with reference to an individual person shall mean to state his or her full name (or if not known, provide sufficient description so that he or she will be identifiable to the recipients of your answer), home address, telephone number, job title, employer or business affiliation or, if an employee of Defendant also include the identity of his or her current department and supervisor as well as the address of the department.

4.

The term "identify," when used with reference to a document or written communication, shall mean to state the type of document or communication (e.g., memorandum, employment application, letter, handwritten notes, etc.), to state its date, to describe briefly its contents, to identify the author (and if different, the originator and signer), and to identify the person (or, if widely distributed, the organization or classes of persons) to whom the document or communication was sent. You may produce the document or written communication in lieu of identifying it.

5.

The term "identify" when used with reference to an oral communication, discussion, conversation, meeting, conference, or any other oral statements, shall mean to describe in detail the substance of, to state the date and location of, and to identify the participants in each such communication, discussion, conversation, meeting, conference or statement.

6.

The terms "you" and "your" refer to Defendant and/or any agent or representative acting on Defendant's behalf.

7.

All other terms should be defined, where necessary, by reference to any English language dictionary, in the context of the pleadings in this matter.

## INTERROGATORIES

1.

Please provide the name and contact information of the "Management Analyst" identified by Ms. Carolyn Gill, as the individual who conducted the review of Plaintiff's office space to determine if it was wheelchair accessible.

2.

Please explain in detail, the training, the education, and/or the certifications, etc., the individual identified above, had at the time the review of Plaintiff's office was conducted, which made the individual qualified to perform a review to determine if the workspace was wheel chair accessible.

Submitted this 10th day of June, 2008.

MELVILLE JOHNSON, P.C.

*/s/ Bobbie L. Hoye*
Bobbie L. Hoye
DC Bar No. 496792

44 Broad Street, N.W.
Suite 222
Atlanta, Georgia 30303
Voice: 404.524.9111
Facsimile: 404.524.6611

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARRIE GRAFFIUS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO. 07-1875 HHK |
| ) | |
| v. ) | |
| ) | |
| JAMES PEAKE, M.D., ) | |
| SECRETARY, ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS. ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of June, 2008, I served the foregoing Plaintiff's Second Set of Interrogatories, by causing a copy of same to be faxed and placed in the United States Mail with adequate postage to ensure first-class delivery to the following:

Christian A. Naticllo
Assistant United States Attorney
555 - 4th Street, NW
Room E4112
Washington, DC 20530

MELVILLE JOHNSON, P.C.

_____
Bobbie L. Hoye
DC Bar No. 496792

44 Broad Street, N.W.
Suite 222
Atlanta, Georgia 30303
Voice: 404.524.9111
Facsimile: 404.524.6611

-6-

# FAX TRANSMISSION

## MELVILLE JOHNSON, P.C.
44 Broad Street
Atlanta, GA 30303
404-524-9111
Fax: 404-524-6611

To: Christian Natiello, Esq.          Date: June 10, 2008

Fax #: (202) 514-8780                 Pages: 7, including cover

From: Bobbie L. Hoye, Esq.

Subject: Grafftus v. Department of VA

\_\_\_\_\_ Please handle                      \_\_\_\_\_ Please review

\_\_\_\_\_ Please advise on status            \_\_\_\_\_ For your information and file

\_\_\_\_\_ Per your request                   \_\_X\_\_ Originals will be forwarded by mail

\_\_\_\_\_ Please call this office upon       \_\_\_\_\_ Please fax the following:_____
        receipt of this document

CONFIDENTIALITY NOTE:    The information in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Postal Service. Thank you.

If there is any difficulty with this transmittal, please call (404) 524-9111

```
TRANSMISSION VERIFICATION REPORT

                                           TIME   : 06/10/2008 16:45
                                           NAME   :
                                           FAX    :
                                           TEL    :
                                           SER.# : 000K5J267983


DATE,TIME              06/10 16:43
FAX NO./NAME           12025148780
DURATION               00:01:36
PAGE(S)                07
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# FAX TRANSMISSION

MELVILLE JOHNSON, P.C.
44 Broad Street
Atlanta, GA 30303
404-524-9111
Fax: 404-524-6611

To:       Christian Natiello, Esq.           Date:    June 10, 2008

Fax #:    (202) 514-8780                     Pages:   7, including cover

From:     Bobbie L. Hoye, Esq.

Subject:  Graffins v. Department of VA

_____ Please handle                    _____ Please review
_____ Please advise on status          _____ For your information and file
_____ Per your request                 __X__ Originals will be forwarded by mail
_____ Please call this office upon     _____ Please fax the following:_____
      receipt of this document

MELVILLE JOHNSON, P.C.
44 Broad Street, N.W.
Suite 222, The Grant Building
Atlanta, Georgia 30303

Telephone (404) 524-0111
Fax (404) 524-6611
www.melvillejohnson.com

July 15, 2008

**VIA FIRST CLASS MAIL**

Christian A. Natiello, Esq.
Assistant United States Attorney
555 - 4th Street, NW
Room E4112
Washington, DC 20530

Re:  Carrie Graffius v. James Peake, M.D., Secretary, Department of Veterans Affairs
Civil Action No. 07-1875 (HHK)

Dear Mr. Natiello:

As you know, on June 10, 2008, this office served Plaintiff's Second Set of Interrogatories upon your office. The Defendant's responses were due on July 14, 2008. To date, we have not received the Defendant's responses. Please allow this letter to serve as our good faith effort to resolve this discovery dispute. We request that you advise our office as to when Defendant will be providing the responses, so that we will not have to resort to seeking court intervention.

Should you have any questions, please feel free to contact me at the number above, or at bhoye@melvillejohnson.com.

Very truly yours,

MELVILLE JOHNSON, P.C.

Bobbie L. Hoye
Attorney at Law

BH/jn
cc: Ms. Carrie Graffius